UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LISA THORSEN and ROLF THORSEN, | JURY TRIAL DEMANDED |
| Plaintiff(s), | FIRST AMENDED COMPLAINT |
| -against- | CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. §1983 |
| VILLAGE OF POMONA, VILLAGE OF POMONA BOARD OF TRUSTEES, LEON HARRIS, NICHOLAS WILSON, ALMA ROMAN, BRETT YAGEL and DETECTIVE ROBERT FITZGERALD, All in their individual and official capacities, | Civil Action No. 7:18-cv-10736(NSR) |
| Defendant(s). | |

---

Lisa Thorsen and Rolf Thorsen ("Plaintiffs"), by their attorneys Kelly& Rubin, LLP. by Michael F. Rubin, Esq. complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343 in that it alleges a claim for relief arising under 42 U.S.C. §1983.

2. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendants are subject to personal jurisdiction in this district.

3. Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C. §1367 because such claims form part of the same case

mfr:thorsen.FAC 1-17-19

1

or controversy over which this court has original subject matter jurisdiction.

## THE PARTIES

4. At all times hereinafter mentioned, plaintiffs Lisa Thorsen (hereinafter "Lisa Thorsen" or "Ms. Thorsen") and Rolf Thorsen were and still are residents of Rockland County in the State of New York.

5. At all times hereinafter mentioned, plaintiffs Lisa Thorsen and Rolf Thorsen were legally married.

6. At certain times relevant and material herein, Lisa Thorsen was the duly appointed village clerk for the Village of Pomona.

7. At all times relevant and material herein, the defendant Village of Pomona (hereinafter "Pomona") was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

8. At all times relevant and material herein, Brett Yagel (hereinafter "Yagel") was and is a resident of the Village of Pomona and County of Rockland and was acting in his individual capacity.

9. At all times relevant and material herein, Yagel was the duly elected mayor of the Village of Pomona and was acting in his official capacity.

10. At all times relevant and material herein, The Village of Pomona was governed by a Board of Trustees (hereinafter "Board of Trustees") consisting of five members; four sitting trustees plus the Mayor.

11. At all times relevant and material herein, Leon Harris (hereinafter "Harris") was and is a resident of the Village of Pomona and County of Rockland.

12. At all times relevant and material herein, Harris was a sitting member of the Board of Trustees and was acting in his official capacity.

13. At all times relevant and material herein, Nicholas Wilson (hereinafter "Wilson") was and is a resident of the Village of Pomona and County of Rockland.

14. At all times relevant and material herein, Wilson was a sitting member of the Board of Trustees and was acting in his official capacity.

15. At all times relevant and material herein, Alma Roman (hereinafter "Roman") was and is a resident of the Village of Pomona and County of Rockland.

16. At all times relevant and material herein, Roman was a sitting member of the Board of Trustees and was acting in her official capacity.

17. At all times relevant and material herein, Pomona sits partially within the geographical jurisdiction of the Town of Ramapo, and partly within the geographical jurisdiction of the Town of Haverstraw.

18. At all times relevant and material herein, the Town of Ramapo operates, maintains and controls the Ramapo Police Department, (hereinafter "RPD").

19. At all times relevant and material herein, the defendant Robert Fitzgerald (hereinafter "Fitzgerald") was a police officer, assigned the rank of detective, and was employed by the Town of Ramapo in the RPD.

## ALLEGATIONS PERTAINING
## TO ALL OF PLAINTIFFS CLAIM

20. At all times relevant and material herein, the Town of Ramapo operated, maintained, managed, supervised and controlled the Town of Ramapo Police Department (hereinafter "RPD")

as part of, and in conjunction with, its municipal functions.

21. At all times relevant and material herein, the defendant Fitzgerald was an employee of the RPD.

22. That at all times hereinafter mentioned and upon information and belief, the RPD employed and supervised Fitzgerald.

23. Upon information and belief, Fitzgerald was a graduate of the police officer training program mandated by the Town of Ramapo and the RPD as a condition of and in conjunction with the hiring of individuals as police officers for the RPD.

24. At all times relevant hereto, the RPD had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, Fitzgerald to conform his conduct to a standard for the protection of individuals, such as plaintiffs, against the unreasonable risk of harm by conducting themselves in such a manner so as to not intentionally, wantonly and/or negligently injure citizens such as plaintiffs herein.

25. In addition, at all times relevant hereto, the RPD had the duty to competently and sufficiently train Fitzgerald within the Police Academy and at the Command, Precinct and Patrol levels in the protection of the rights of citizens such as plaintiffs under the Constitution of the United States of America.

26. At all times hereinafter mentioned, upon information and belief, Fitzgerald was acting in his capacity as an employee, agent and/or servant of the Town of Ramapo.

27. At all times hereinafter mentioned, upon information and belief, Yagel was the final policymaker for the Village of Pomona.

28. At all times hereinafter mentioned, upon information and belief, The Board of Trustees was the final policymaker for the Village of Pomona.

29. At all times hereinafter mentioned, upon information and belief, Yagel was acting in his individual capacity.

30. At all times hereinafter mentioned, upon information and belief, Yagel was acting as an employee, agent and/or servant of the Village of Pomona.

31. At all times hereinafter mentioned, upon information and belief, Harris was acting as an employee, agent and/or servant of the Village of Pomona.

32. At all times hereinafter mentioned, upon information and belief, Wilson was acting as an employee, agent and/or servant of the Village of Pomona.

33. At all times hereinafter mentioned, upon information and belief, Roman was acting as an employee, agent and/or servant of the Village of Pomona.

34. At all times hereinafter mentioned, the defendants were acting under the color of State law.

35. At all times hereinafter mentioned, the defendants' acts constituted State action.

## FALSE ALLEGATIONS MADE AGAINST LISA THORSEN

36. In and around 2014, Yagel commenced a campaign of harassment upon a Village of Pomona village hall employee in an effort to force that employee to resign.

37. The harassment by Yagel upon that employee included disparaging comments about the employee's age and weight.

38. Lisa Thorsen and others stepped up in defense of that Village employee in an attempt to help the employee keep their job, thereby incurring the wrath of Yagel.

39. Yagel swore, in comments heard by several current and former Village employees that he would "get" Lisa Thorsen and the other employee in retaliation for their support of the target of Yagel's harassment.

40. In 2014, Yagel commenced a campaign of workplace harassment against Lisa Thorsen which included among other things, hacking into Ms. Thorsen's private email account and deleting files, reducing her workplace duties, and installing video cameras in the Village Hall.

41. In 2014, Lisa Thorsen resigned from her job as Pomona Village clerk under the stress of the hostile workplace environment created by Yagel.

42. In the period of time leading up to the election for Mayor of Pomona in 2015, Lisa Thorsen actively campaigned on behalf of Ian Banks for Mayor, Yagel's opponent, further infuriating Yagel.

43. It was then, for the first time, on or about February 3, 2015 that the allegation of a theft by Ms. Thorsen by use of a village postal machine without reimbursement around 2013-2014 was made known to the Trustees. No action was taken.

44. After her departure in 2014 from her position as Pomona's Village Clerk, Ms. Thorsen sought to obtain employment as a village clerk in the neighboring villages of Wesley Hills, Spring Valley and Airmont. Despite her obvious credentials, she was never hired.

45. Upon information and belief, Ms. Thorsen's inability to obtain employment in these villages was due to Yagel following through on his threats to "get" Lisa referred to in paragraph "39", obstructing Ms. Thorsen's ability to obtain employment at the neighboring villages by spreading the false rumor that she was a thief.

46. In the period of time leading up to the election for Pomona Village Trustees in 2017, Ms. Thorsen again supported Mr. Banks, who was running for village trustee on a ticket opposed by Yagel, further enraging him.

47. In retaliation, Yagel contacted the police, outrageously and falsely alleging that Ms. Thorsen had stolen money from the Village of Pomona in 2013-2014 by using the village postage meter for personal mail, and failing to reimburse the village.

48. The matter was assigned to Detective Fitzgerald of the Town of Ramapo PD who investigated under case number RP-277-15.

49. In and around March or April 2017 the Village Board of Trustees conducted a regularly scheduled meeting at which the issue of seeking the arrest of Lisa Thorsen was considered and voted upon. All trustees except one, Ian Banks, voted to seek criminal charges against Lisa Thorsen despite their knowledge that the charges were baseless and politically motivated.

50. Approximately twenty (20) days after the election, on April 10, 2017, based upon the sworn misdemeanor information signed by Yagel, Fitzgerald arrested Ms. Thorsen and charged her with Petit Larceny, in violation of New York State Penal Law §155.25.

51. In so doing, Yagel, Fitzgerald and the named defendant trustees conspired to violate Ms. Thorsen's First Amendment and civil rights.

## DISPOSITION OF THE CRIMINAL MATTER

52. A motion seeking dismissal of the aforementioned criminal proceeding in the Interest of Justice, or for "such other and further relief as the court shall deem just and proper" was filed by counsel for Ms. Thorsen in July 2017. In papers supporting the motion, counsel for Ms. Thorsen outlined the political motivation for the charges filed against Ms. Thorsen by Fitzgerald at the request of Yagel. The motion papers included affidavits from several current and former Village of Pomona officials attesting to the fact that Ms. Thorsen stole nothing, and that the allegations were nothing more than political retribution.

53. Because Ms. Thorsen's husband (and co-plaintiff) was and still is a sitting Judge of NYS County Court in Rockland County, the matter was referred to the Orange County District

mfr:thorsen.FAC 1-17-19

Attorney for prosecution.

54. In papers filed by the assistant district attorney prosecuting the matter in response to the motion, **the Orange County DA joined in the application to dismiss** the misdemeanor information.

55. In doing so, ADA Eric D. Parker astonishingly conceded that Yagel was pursuing these charges as political retribution for Ms. Thorsen "speaking out about the Mayor and the Village", and that but for her "speaking out", the charges would not have been brought. ADA Parker conceded in his motion papers that before the arrest of Ms. Thorsen, Detective Fitzgerald knew the allegation was politically motivated.

56. In his decision on the motion dated December 21, 2017 Judge David J. Stein of the Town of Ramapo Justice Court dismissed the criminal case against Ms. Thorsen and made several key rulings:

   1) The prosecution consented to the dismissal;

   2) The government conceded that the allegations were groundless and politically motivated.

57. Judge Stein did not dismiss the case "in the interests of justice". It was dismissed because it was a fraudulent, groundless, and politically motivated payback for Ms. Thorsen's decision to stand up and defend a woman Yagel was mercilessly harassing, and because she had the audacity to exercise her First Amendment right to support a political candidate opposing Yagel.

58. By reason of the foregoing acts by the defendants, plaintiff, Lisa Thorsen was injured and suffered, and upon information and belief, will continue to suffer, continuous pain and anguish.

59. By reason of the foregoing acts by the defendants, plaintiff Rolf Thorsen was caused to suffer the loss of the society, companionship and consortium of his wife.

60. Plaintiff, Lisa Thorsen remained the subject of the Ramapo Justice Court criminal matter from April 2017 until her case was dismissed on December 21, 2017.

## STATE LAW CLAIMS

### FIRST CLAIM FOR RELIEF
### FALSE ARREST
### AS AGAINST YAGEL IN HIS INDIVIDUAL CAPACITY

61. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

62. That on or about the 10th day of April 2017 in the Village of Pomona in the County of Rockland, the defendant, his agents, servants and/or employees wrongfully and falsely arrested, and detained plaintiff, without any right or grounds therefor.

63. That the defendant wrongfully and falsely accused the plaintiff, of petit larceny in violation of Article 155, of the Penal Law of the State of New York.

64. That the said arrest was caused by the defendant, his agents, servants and/or employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff was guilty of any offense.

65. The defendant, his agents, servants and/or employees, wrongfully and unlawfully, against the plaintiff's wishes, without her consent, or probable or reasonable cause, arrested the plaintiff.

66. The plaintiff was detained in that she was under court order and was compelled to attend court proceedings.

67. That the plaintiff was wholly innocent of the said charges and she did not contribute

in any way to the conduct of the defendant, his agents, servants and/or employees, and was forced by the defendant to submit to the aforesaid arrest entirely against her will.

68. That as a result of the aforesaid accusations made by the defendant, his agents, servants and/or employees acting under their employment within the scope of their employment and authority, made falsely, publicly, and maliciously, the plaintiff was compelled to appear before a judge of the Town of Ramapo Justice Court.

69. That the defendant, his agents, servants and/or employees as set forth above, on or about the above date, time and place, intended to confine the plaintiff, the plaintiff was conscious of the confinement, the plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

70. That by reason of false arrest, and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with an offense, and was then and there prevented and hindered from performing and transacting her necessary affairs and business, and she was caused to suffer much pain in both mind and body, and the loss of employment opportunities.

71. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at a trial of this action, but well in excess of the jurisdictional limits of all lower courts, plus punitive damages, plus costs, attorneys' fees and such other relief as this court may deem just and proper.

## SECOND CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS AS
## AGAINST YAGEL IN HIS
## INDIVIDUAL CAPACITY

72. The plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

73. Yagel, in signing the criminal court information upon which the arrest was based, employed regularly issued legal process to compel performance or forbearance of some act, to wit Thorsen's submission to the jurisdiction of the criminal court.

74. In so doing, Yagel intended to do harm without excuse or justification, in order to obtain a collateral objective that is outside the legitimate ends of the process, in that his purpose was to harm Ms. Thorsen in retaliation for her support of an opposing candidate and other acts.

75. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at a trial of this action, but well in excess of the jurisdictional limits of all lower courts, plus punitive damages, plus costs, attorneys' fees and such other relief as this court may deem just and proper.

## THIRD CLAIM FOR RELIEF
## DERIVATIVE CLAIM ON BEHALF OF
## ROLF THORSEN

76. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

77. The plaintiff, Rolf Thorsen, is the lawful husband of co-plaintiff Lisa Thorsen and as such is entitled to the services, society, companionship, relationship and consortium of his wife.

78. That as a result of each of the foregoing, defendants conduct as enumerated above, plaintiff, Rolf Thorsen, has lost the services, society, companionship, relationship and consortium of his wife and was and will be otherwise damaged herein.

79. That by reason of the aforesaid, the plaintiff Rolf Thorsen has been damaged in an amount to be determined at a trial of this action, but well in excess of the jurisdictional limits of all lower courts, plus punitive damages, plus costs, attorneys' fees and such other relief as this court may deem just and proper.

# FEDERAL CLAIMS

## FOURTH CLAIM FOR RELIEF (FALSE ARREST) (PURSUANT TO 42 U.S.C §1983) AS AGAINST YAGEL AND FITZGERALD

80. The plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

81. That on or about April 10, 2017, in the County of Rockland, State of New York, Yagel and Fitzgerald wrongfully and falsely caused the arrest and detention of plaintiff without any right or grounds therefore.

82. That on or about April 10, 2017, the defendants wrongfully and falsely accused plaintiff of the crime of Petit Larceny, in violation of New York State Penal Law §155.25.

83. That the said arrest was caused by Yagel and Fitzgerald without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that plaintiff was guilty of such crime.

84. The plaintiff was wrongfully and unlawfully arrested against the plaintiff's wishes, without probable or reasonable cause, arrested and compelled to go to various court proceedings.

85. That the plaintiff was wholly innocent of the said criminal charges and did not contribute in any way to the conduct of Yagel and Fitzgerald, and was forced by Yagel and Fitzgerald to submit to the aforesaid arrest and detention entirely against her will.

86. That as a result of the aforesaid accusations made by the defendants acting under their employment and within the scope of their authority, made falsely, publicly, and maliciously, the plaintiff was compelled to appear before a Judge of the Ramapo Justice Court of the State of New York.

87. That the defendants, as set forth above on or about the above date, time and place,

intended to confine the plaintiff, the plaintiff was conscious of the confinement, the plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

88. That by reason of false arrest and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with various crimes, was denied and prevented from performing and transacting her necessary affairs and business, and she was caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

89. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

### FIFTH CLAIM FOR RELIEF (MALICIOUS PROSECUTION) (PURSUANT TO 42 U.S.C §1983) AS AGAINST YAGEL AND FITZGERALD

90. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

91. That on or about April 10, 2017, while the plaintiff was lawfully and properly in the County of Rockland, State of New York, and at subsequent times thereafter, the defendants, maliciously prosecuted and detained plaintiff, Lisa Thorsen, without any just right or grounds therefore.

92. That the plaintiff, Lisa Thorsen was and is wholly innocent of the charges she was alleged by the defendants to have committed, and was forced by the defendants to submit to court proceedings.

93. That on or about April 10, 2017, before the Honorable presiding Judge of the Ramapo Justice Court of the State of New York, the defendants, falsely and maliciously and without probable cause or provocation charged the plaintiff with a violation under the Penal Law, to wit: violation of §155.25 of the Penal Law of the State of New York.

94. That a Judge of the Ramapo Justice Court of the State of New York dismissed all

charges on December 21, 2017.

95. That the said criminal charges and prosecution were instituted and procured by the defendant, in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore. That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, was with actual malice and was terminated in favor of the plaintiff.

96. That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of her liberty, was subjected to great indignity, humiliated, caused to suffer pain and great distress of mind and body and was held up to scorn and ridicule, was injured in her character and reputation, was prevented from attending her usual business and vocation, was injured in her reputation in the community and the said plaintiff has been otherwise damaged.

97. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

## SIXTH CLAIM FOR RELIEF
## (PURSUANT TO 42 U.S.C §1983)
## AS TO PLAINTIFF'S FIRST AMENDMENT RIGHTS
## AS AGAINST ALL DEFENDANTS

98. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

99. All of the aforementioned defendants violated Ms. Thorsen's First Amendment rights by committing the acts, as described above, in violation of 42 USC §1983, for which the defendants are individually liable.

100. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

## SEVENTH CLAIM FOR RELIEF
## (PURSUANT TO 42 U.S.C §1985)
## CONSPIRACY TO VIOLATE PLAINTIFFS CIVIL RIGHTS

101. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

102. All of the aforementioned defendants conspired to violate Ms. Thorsen's civil rights by agreeing among themselves to commit acts, as described above, in violation of 42 USC §1985, for which the defendants are individually liable.

103. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

### EIGHTH CLAIM FOR RELIEF
### (PURSUANT TO 42 U.S.C §1983)
### MONELL CLAIM
### AS AGAINST THE VILLAGE OF POMONA

104. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

105. Defendant Village of Pomona, by its Mayor and village trustees, are the *de jure* final policy makers on behalf of the village. As such, they establish Village protocol and policy to be followed by the village.

106. Village of Pomona, by its Mayor and village trustees, had wide latitude to make discretionary decisions which would in effect become official policy and would not be subject to review. As such, they acted as *de jure* final policy makers on behalf of the village at all times leading up to approving the decision to seek the arrest of the plaintiff.

107. Defendants arranged for the baseless arrest of Ms. Thorsen by actually and overtly agreeing among themselves to put in place a village policy of violating the Constitutional rights of the plaintiff by seeking her arrest in political retaliation for her support of a female co-worker enduring the harassment of Yagel and for exercising her first amendment right to publicly support the political candidate of her choice.

mfr:thorsen.FAC 1-17-19

108. Based upon the foregoing, defendants patently exhibited a deliberate indifference toward the health, safety and welfare and constitutional rights of the plaintiff.

109. As a result of the defendant's deliberate indifference, plaintiff was arrested and charged with a crime in political retaliation akin to that which occurs in third world countries.

110. The foregoing unlawful conduct caused the plaintiff to suffer severe emotional distress, humiliation, shame, emotional abuse and deprivation of her constitutional rights.

111. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

**WHEREFORE**, plaintiffs demand judgment against the defendants as follows:

On each claim for relief, judgment in the amount $1,500,000.00, and plaintiffs demand an additional sum of punitive damages against each defendant to be determined at the trial of this action; and in the event plaintiffs are a prevailing party, attorney's fees; and interest, costs, and such other relief as to this Court shall seem just and proper.

Dated: January 22, 2019

Yours, etc.,

Michael F. Rubin, Esq. (0697)
Kelly & Rubin, LLP.
225 Broadway, 3rd Floor
New York, NY 10007
Tel: (212) 691-9393
mfr@kellyrubin.com